REVISED December 10, 2008

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 08-60044
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 3, 2008

Charles R. Fulbruge III
Clerk

ABELARDO ANTONIO OROZCO

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
A76 446 029

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

   Abelardo Antonio Orozco, a native and citizen of Colombia, petitions for review of an order of the Board of Immigration Appeals affirming the Immigration Judge's denial of withholding of removal and request for relief under the Convention Against Torture. Orozco argues that the BIA erred in finding that he did not suffer past persecution or did not have a well-founded

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fear of future persecution or torture because of his immutable characteristics or political beliefs.

The Secretary of Homeland Security or Attorney General is authorized, in his discretion, to grant asylum to aliens who qualify as refugees.[1] An alien is a refugee when he is outside of his country and "is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."[2] To be eligible for withholding of removal, an alien must demonstrate a "clear probability" of persecution upon return.[3]

To be eligible for protection under the CAT, an alien must establish that he would be subject to torture "by or at the instigation of or with the consent or acquiescence of a public official or person acting in an official capacity."[4]

Orozco's assertion that he, as a detective, was threatened by a series of telephone calls in 1993 does not establish that he was persecuted because of his political opinion or that he has a well-founded fear of persecution or torture, under government sanction, for his political opinion in the future if he is returned to Colombia.[5] Orozco has not shown any error of law in the IJ's and BIA's conclusion that he is not eligible for withholding of removal or relief under CAT, and has not shown that the decision is not supported by substantial evidence in the record.

---

[1] 8 U.S.C. § 1158(b)(1).

[2] 8 U.S.C. § 1101(a)(42)(A).

[3] Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994).

[4] 8 C.F.R. § 1208.18(a)(1).

[5] See INS v. Elias-Zacarias, 502 U.S. 478, 482-83 (1992); Tamara-Gomez v. Gonzales, 447 F.3d 343, 350 (5th Cir. 2006).

Orozco has not argued on appeal that his claim for asylum was not time barred.  This issue is deemed abandoned.

PETITION DENIED.